CARLTON, Chief Justice.
In this original proceeding, relator, by way of petition for writ of mandamus, seeks to require the respondent Circuit Court judges to take jurisdiction of juvenile cases involving “children in need of supervision”, as defined in Fla.Stat. § 39.-01(10) (a), F.S.A. Respondents have refused to exercise such jurisdiction because Fla.Stat. § 39.02(1)(a), F.S.A., provides that, “The juvenile court shall have exclusive original jurisdiction of dependent and delinquent children . . . ” and does not mention the third class of children — those in need of supervision — which is defined and dealt with in Chapter 39. We are of the opinion, nevertheless, that Chapter 39 clearly confers jurisdiction over all three classes in the Circuit Court.
Article V, Section 5(b), Florida Constitution, F.S.A., gives the Circuit Court “original jurisdiction not vested in the county courts . . . . ” Since there is no general law giving county courts jurisdiction over cases involving children in need of supervision, it must lie in the Circuit Courts.
The original jurisdiction of the Circuit Courts is set out in Fla.Stat. § 26.012(2), F.S.A., as being, inter alia:
(a) In all actions at law not cognizable by the county courts;
and
(c) In all cases in equity including all cases relating to juveniles [except traffic offenses as provided in chapters 39 and 316;]. (Brackets added.)
The brackets were added above to emphasize that the “as provided” clause in subsection (c) relates to the traffic exception, not to the phrase, “including all cases relating to juveniles”.
Nevertheless, Chapter 39, when taken as a whole, clearly evidences a Legislative intent that the Circuit Courts have jurisdiction of all of the types of juvenile cases established therein. We decline, however, to detail here all the provisions of Chapter 39 which lead to this conclusion. Such a justification is not necessary, since, as noted above, there is no general law vesting jurisdiction of these cases in the county courts. Under our Constitution, if the Legislature recognizes a class of cases or creates a cause of action without specifying which of our two levels of trial court has jurisdiction, that jurisdiction automatically lies in the Circuit Courts.
Accordingly, the peremptory writ is issued, and respondents shall henceforth exercise their jurisdiction in all cases filed by relator involving children in need of supervision.
It is so ordered.
ROBERTS, ERVIN, ADKINS and BOYD, JJ., concur.